UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JTH TAX, LLC d/b/a LIBERTY TAX SERVICE | CASE NO. 3:24-cv-00102 |
| Plaintiff, | Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| ABDOU SAMB AND SAMB LLC SERVICES, d/b/a SAMB FINANCIAL | |
| Defendants. | |

## ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. No. 3)

Plaintiff JTH Tax LLC d/b/a Liberty Tax Service's ("Liberty") brings this case claiming, in part, that Defendants Abdou Samb and Samb LLC Services, d/b/a Samb Financial ("Defendants") breached the terms of the parties' franchise agreement, engaged in trademark infringement, and violated the Defend Trade Secrets Act of 2016. Doc. No. 1 at PageID 11-17. The case before the Court on Liberty's Complaint and *ex parte* motion for a temporary restraining order (motion for a "TRO") and for a preliminary injunction. Doc. Nos. 1, 3. Liberty has served Defendants with summons and copies of the Complaint and Defendants' *ex parte* motion for a TRO and for preliminary injunction.[1] Doc. Nos. 8, 9.

---

[1] Because Liberty's complaint asserts claims under federal law, there is no present dispute that this Court may exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, if necessary, supplemental jurisdiction over Liberty's state-law claims under 28 U.S.C. § 1367.

On April 9, 2024, pursuant to S.D. Ohio Civ. R. 65.1, the Court held a telephone conference concerning Liberty's motion for a TRO during which Liberty's counsel of record appeared and participated.  Although Defendant Abdou Samb was given prior notice of the conference, the date and time on which it was scheduled to occur, and the call-in information needed to join the conference, neither he nor counsel for Defendants appeared during the conference.  In addition, the record does not presently contain a notice of appearance filed counsel representing either Defendant.  Because TROs may issue *ex parte*, *see* Fed. R. Civ. P. 65(b), the Court proceeded with the telephone conference during which Liberty's counsel presented oral arguments.

"A temporary restraining order is an extraordinary remedy." *Burton v. Kettering Adventist Health Care*, No. 3:20-cv-209, 2020 WL 3265526, at *1 (S.D. Ohio June 17, 2020) (citing Fed. R. Civ. P. 65; *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008)).  A four-factor balancing test applies to TRO motions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO would substantially harm third parties; and (4) whether the TRO would serve the public interest." *Refunjol v. Adducci*, No. 2:20-cv-2099, 2020 WL 1983077, at *3 (S.D. Ohio April 27, 2020) (citing *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 304 (6th Cir. 2019)).  No single factor is a prerequisite to granting a TRO.  *Id*. (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)); *see D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019).

Having fully considered Liberty's motion for a TRO, supporting memorandum, declarations and exhibits, and oral argument presented on the record during the telephone conference, and with full knowledge that Defendants have not had an opportunity to present evidence or file a memorandum in opposition to Liberty's motion for a TRO, the Court finds that,

for the reasons set forth in Liberty's memorandum (Doc. No. 3 at PageID 81-100), Liberty is entitled to a TRO. More specifically, the balance of the applicable TRO factors supports granting a TRO because Liberty has established: (1) a strong likelihood it will succeed on the merits of its claims for breach of the parties' franchise agreement, trademark infringement, and/or violation of the Defend Trade Secrets Act of 2016; (2) it will suffer irreparable harm absent the requested TRO; (3) the TRO will not substantially harm third parties; and (4) the TRO will serve the public interest. *See Refunjol*, 2020 WL 1983077, at *3 (and cases cited therein).

It is hereby **ORDERED** and **ADJUDGED** that Liberty's motion for a TRO is **GRANTED**;

It is further **ORDERED** that:

A. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are temporarily enjoined from directly or indirectly, for a fee or charge, offering tax preparation services and soliciting Liberty's customers within twenty-five (25) miles of the boundaries of Samb's former Liberty franchise territory;

B. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are temporarily enjoined from using Liberty's Confidential Information and Trade Secrets;

C. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are temporarily enjoined from using Liberty's Marks and any and all attempts to affiliate Samb Tax Service with Liberty;

D. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are temporarily enjoined from using the telephone number of the former Liberty franchise;

E. Defendants shall return all Confidential Information of Liberty's that is in their possession or control, including Liberty's confidential Operations Manual, to Liberty, transfer the telephone number of the former Liberty franchise to Liberty, and immediately remove any signage containing Liberty's Marks;

    F.      Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are temporarily enjoined from facilitating and/or participating in the operation of any competing tax preparation business in violation of his post-termination obligations under the subject franchise agreements.

This Temporary Restraining Order shall take effect on **April 10, 2024 at 12:00 a.m.** and shall remain in effect for 14 days.

The Court declines to presently rule on Plaintiffs' motion for a preliminary injunction. Doc. No. 3. The Court remains available for a telephone status conference with counsel regarding Plaintiff's motion for a preliminary injunction. Counsel may call Courtroom Deputy Claire McDowell at (937) 512-1640 to schedule a telephone status conference.

    **IT IS SO ORDERED.**

April 9, 2024                                                      s/*Michael J. Newman*
                                                                Hon. Michael J. Newman
                                                                United States District Judge