UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JTH TAX, LLC d/b/a LIBERTY TAX SERVICE, | |
| Plaintiff, | Case No. 3:24-cv-102 |
| vs. | |
| ABDOU SAMB AND SAMB LLC SERVICES, d/b/a SAMB FINANCIAL, | District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**
**(Doc. No. 3)**

Plaintiff JTH Tax LLC d/b/a Liberty Tax Service ("Liberty") brings this case claiming, in part, that Defendants Abdou Samb and Samb LLC Services d/b/a Samb Financial ("Defendants") breached the terms of the parties' franchise agreement, engaged in trademark infringement, and violated the Defend Trade Secrets Act of 2016. Doc. No. 1 at PageID 11-17. Liberty filed a verified complaint on April 4, 2024. Doc. No. 1. Defendants were properly served with summonses and copies of the complaint along with Liberty's motion for a temporary restraining order and preliminary injunction on April 9, 2024. Doc. Nos. 8, 9.

This case is before the Court on Liberty's motion for a preliminary injunction. Doc. No. 3. The Court previously issued a temporary restraining order prohibiting Defendants from: (1) offering tax preparation services within a certain area; (2) using Liberty's confidential information and trade secrets; (3) using Liberty's trademarks; and (4) using the telephone number previously associated with the former Liberty franchise. Doc. No. 10 at PageID 118. The temporary restraining order also required Defendants to immediately return Liberty's confidential

information and telephone number, remove any Liberty signage, and comply with any other post-termination obligations under the subject franchise agreement. *Id.* at PageID 118-19. The temporary restraining order is set to expire at 12:00 a.m. on April 24, 2024. *Id.* at PageID 119. All parties were notified of a preliminary injunction hearing to be held on April 17, 2024 at 10:00 a.m. Doc. Nos. 11, 12, 13. The Court held the preliminary injunction hearing as scheduled. Counsel for Liberty appeared, but neither Defendants nor counsel for Defendants appeared. Because Defendants were properly served and had notice of the hearing, the Court proceeded with this time-sensitive matter.

## I. PRELIMINARY INJUNCTION ANALYSIS

Preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689-90 (2008)). Courts should order preliminary injunctions "only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The burden of "proof required for [a] plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]" *Leary*, 288 F.3d at 739.

To determine whether a preliminary injunction should issue, the Court must balance four factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Id.* Sixth Circuit precedent dictates that "[t]hese factors are not prerequisites that must be met, but are interrelated considerations that must

2

be balanced together." *Commonwealth v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020).

The Court has fully considered Liberty's motion for a preliminary injunction, supporting memoranda, declaration and exhibits as well as the oral argument presented on the record during the preliminary injunction hearing. Defendants—having been served with the preliminary injunction motion and notified of the hearing—chose not to appear at the preliminary injunction hearing, present evidence, or file a memorandum in opposition to Liberty's motion for a preliminary injunction. The Court finds that, for the reasons set forth in Liberty's memorandum (Doc. No. 3), Liberty is entitled to a preliminary injunction. More specifically, the balance of the applicable preliminary injunction factors supports granting a preliminary injunction because Liberty has established: (1) a strong likelihood it will succeed on the merits of its claims for breach of the parties' franchise agreement, trademark infringement, and/or violation of the Defend Trade Secrets Act of 2016; (2) it will suffer irreparable harm absent the requested preliminary injunction; (3) the preliminary injunction will not substantially harm third parties; and (4) the preliminary injunction will serve the public interest.

## II. SCOPE OF RELIEF

Liberty's motion for a preliminary injunction is **GRANTED**. It is further **ORDERED** that:

A. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are enjoined from directly or indirectly, for a fee or charge, offering tax preparation services and soliciting Liberty's customers within twenty-five (25) miles of the boundaries of Samb's former Liberty franchise territory;

B. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are enjoined from using Liberty's Confidential Information and Trade Secrets;

C. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons

    bound by Fed. R. Civ. P. 65(d)(2)(C)), are enjoined from using Liberty's Marks and any and all attempts to affiliate Samb Tax Service with Liberty;

D. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are enjoined from using the telephone number of the former Liberty franchise;

E. Defendants shall immediately return all Confidential Information of Liberty's that is in their possession or control, including Liberty's confidential Operations Manual, to Liberty, transfer the telephone number of the former Liberty franchise to Liberty, and immediately remove any signage containing Liberty's Marks at their own cost;

F. Samb and Samb LLC Services, and all those acting by, through or in concert with them (including, but not limited to Samb Financial and Samb Tax Service and any other persons bound by Fed. R. Civ. P. 65(d)(2)(C)), are enjoined from facilitating and/or participating in the operation of any competing tax preparation business in violation of his post-termination obligations under the subject franchise agreements ("Franchise Agreements").

Furthermore, the Court waives the bond requirement under Fed. R. Civ. P. 65(c), as Plaintiff seeks only to compel Defendants to abide by express contractual promises and within the letter of the law. This preliminary injunction will replace the temporary restraining order previously issued by this Court (Doc. No. 10) and will remain in place during the pendency of this action. Defendants are **ADVISED** they must immediately comply with this Order. Their failure to do so may result in sanctions including, but not limited to, the issuance of a contempt finding.

    **IT IS SO ORDERED.**

April 19, 2024                                    s/Michael J. Newman
                                                            Hon. Michael J. Newman
                                                            United States District Judge