UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JTH TAX, LLC d/b/a LIBERTY TAX
SERVICE,

    Plaintiff,

vs.

ABDOU SAMB AND SAMB LLC,
d/b/a SAMB TAX SERVICES,

    Defendants.

Case No. 3:24-cv-102

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) SETTING A HEARING ON PLAINTIFF'S MOTION FOR CIVIL CONTEMPT (Do. No. 18) FOR SEPTEMBER 24, 2024 AT 10:00 A.M.; (2) REQUIRING DEFENDANTS, PRIOR TO THE HEARING ON SEPTEMBER 24, 2024, TO FULLY RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS AND TO COMPLY WITH THE REQUIREMENTS OF THE PRELIMINARY INJUNCTION ORDER (Doc. No. 16) AND THIS ORDER; AND (3) PLACING DEFENDANTS ON NOTICE THAT SANCTIONS MAY BE IMPOSED AGAINST THEM AS DETAILED BELOW**

---

Previously in this civil case, the Court entered a Temporary Restraining Order followed by a preliminary injunction.  Doc. Nos. 10, 16.  The preliminary injunction enjoined Defendants from, in part, offering tax preparation services and soliciting Plaintiff's customers within 25 miles of the boundaries of Defendant Abdou Samb's former Liberty franchise territory (Doc. No. 16 at PageID 131).

The case is presently before the Court on Plaintiff JTH Tax, LLC's motion for civil contempt and contempt sanctions (Doc. No. 18), Defendants' memorandum in opposition (Doc. No. 22), and Plaintiff's reply (Doc. No. 23).  On September 10, 2024, the Court held a telephone status conference during which the parties updated the Court on the current case status.

The civil contempt sanctions that Plaintiff seeks are court-imposed "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Pursuant to the record of the telephone status conference on September 10, 2024, Defendants have not responded (as of September 10th) to Plaintiff's discovery requests and have not fully complied with the Court's Preliminary Injunction Order.  Consequently, the Court hereby **SETS** a contempt hearing for **September 24, 2024 at 10:00 AM** in Courtroom 4 at the Walter H. Rice Federal Building and United States Courthouse, 200 West Second Street, Dayton, Ohio.

The Court **ORDERS** Defendants to fully comply—before the contempt hearing on September 24, 2024—with their duty to respond to Plaintiff's discovery requests and the Court's Preliminary Injunction Order, including its requirement that they must: (1) immediately return to Liberty all Confidential Information of Liberty's that is in their possession or control including Liberty's confidential Operations Manual; (2) transfer the telephone number of the former Liberty franchise to Plaintiff; and (3) immediately remove any signage containing Liberty's Marks.  Doc. No. 16 at PageID 132.

The Court places Defendants on **NOTICE** that if, prior to the contempt hearing, they fail to respond to Plaintiff's discovery requests, fail to comply with the Preliminary Injunction Order, and fail comply with this Order, they may be sanctioned and held in civil contempt.  *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Loc. 9*, 687 F.3d 744, 752 (6th Cir. 2012) ("In this circuit, there is no requirement that a full evidentiary hearing be held before imposing sanctions.  All that is required is that the party 'be given notice and an opportunity to be

heard.'") (internal citations omitted).  Sanctions may include attorneys' fees, costs, and default judgment entered against Defendants.

In the event Defendants do not comply with this Order and the Preliminary Injunction Order, the Court may **ORDER** Defendant Samb to sit for his deposition, as required by Fed. R. Civ. P. 30, in Courtroom 4 at the Walter H. Rice Federal Building and United States Courthouse at the conclusion of the contempt hearing on September 24, 2024.  If Defendant fully complies with this Order prior to the hearing on September 24, 2024, the Court will not require him to sit for his deposition on September 24, 2024.  However, Defendants are placed on **NOTICE** that if Defendant Samb's deposition becomes necessary on September 24, 2024, and he fails or declines to appear for his deposition, further sanctions may be imposed against Defendants up to and including default judgment and damages that may include the amount Plaintiff seeks in its complaint, "at least $40,613.26 plus pre-judgment and post-judgment interest."  Doc. No. 1 at 19.

**IT IS SO ORDERED.**

 September 18, 2024                                   s/*Michael J. Newman*
                                                                         Hon. Michael J. Newman
                                                                          United States District Judge