UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JTH TAX, LLC<br>d/b/a LIBERTY TAX SERVICE,<br><br>Plaintiff,<br><br>vs.<br><br>ABDOU SAMB, *et al.*,<br><br>Defendants. | : : : : : : : : : : | Case No. 3:24-cv-00102<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## REPORT AND RECOMMENDATION

This civil case has been referred to the undersigned Magistrate Judge to issue a Report and Recommendation on the Motion For Civil Contempt And Contempt Sanctions ("Contempt Motion," Doc. No. 18) filed by Plaintiff JTH Tax d/b/a Liberty Tax Service ("Liberty"), to which Defendants Abdou Samb ("Samb") and Samb LLC d/b/a Samb Tax Service ("Samb LLC Services") filed a memorandum in opposition (Doc. No. 22) and Plaintiff filed a reply brief (Doc. No. 23). On September 24, 2024, the Court held a hearing on the Contempt Motion and heard from counsel and Defendant Samb, who testified at length. The Court requested supplemental post-hearing briefs, which were filed by Plaintiff (Doc. No. 40) and Defendant (Doc. No. 42). For the reasons stated below, it is **RECOMMENDED** that Plaintiff's Contempt Motion (Doc. No. 18) be **GRANTED IN PART AND DENIED IN PART**.

I. STATEMENT OF FACTS

On April 9 2024, the Court issued a temporary restraining order ("TRO") that ordered:

A. Samb and Samb LLC Services, and all those acting by, through or in concert with them . . . are temporarily enjoined from directly or indirectly, for a fee or charge, offering tax preparation services and soliciting Liberty's customers

  within twenty-five (25) miles of the boundaries of Samb's former Liberty franchise territory;

B. Samb and Samb LLC Services, and all those acting by, through or in concert with them . . . are temporarily enjoined from using Liberty's Confidential Information and Trade Secrets;

C. Samb and Samb LLC Services, and all those acting by, through or in concert with them . . . are temporarily enjoined from using Liberty's Marks and any and all attempts to affiliate Samb Tax Service with Liberty;

D. Samb and Samb LLC Services, and all those acting by, through or in concert with them . . . are temporarily enjoined from using the telephone number of the former Liberty franchise;

E. Defendants shall return all Confidential Information of Liberty's that is in their possession or control, including Liberty's confidential Operations Manual, to Liberty, transfer the telephone number of the former Liberty franchise to Liberty, and immediately remove any signage containing Liberty's Marks;

F. Samb and Samb LLC Services, and all those acting by, through or in concert with them . . . are temporarily enjoined from facilitation and/or participating in the operation of any competing tax preparation business in violation of his post-termination obligations under the subject franchise agreements.

(Doc. No. 10, PageID 118-19.) The TRO went into effect on April 10, 2024 and was set to expire on April 24, 2024. (*Id.* at PageID 119.)

On April 19, 2024, the Court issued a preliminary injunction that ordered the same injunctive relief as the TRO. (Doc. No. 16, PageID 131-32.) Defendants were advised that they must immediately comply with the preliminary injunction and that their failure to do so may result in sanctions including the issuance of a contempt finding. (*Id.* at PageID 132.) On the same day, Plaintiff filed its Contempt Motion (Doc. No. 18). Four days later, attorney David Duwel filed his notice of appearance on behalf of Defendants. (Doc. No. 19.)

On September 10, 2024, District Judge Michael J. Newman conducted a telephone conference with the parties. Plaintiff's counsel argued that Defendants had not complied with

2

the Court's Orders issuing injunctive relief. On September 18, 2024, the Court issued an Order that warned Defendants that they must comply with the preliminary injunction Order before the contempt hearing scheduled for September 24, 2024, or else they may be sanctioned and held in civil contempt. (Doc. No. 33, PageID 269.)

On September 24, 2024, District Judge Michael J. Newman began to conduct the contempt hearing but then referred the case to the undersigned Magistrate Judge to preside over the continued hearing and Defendant Samb's in-court deposition. (Doc. No. 34.) Defendant Samb, who was the only witness, testified during the afternoon of September 24, 2024. (*See* Doc. No. 36.) He was called as upon cross-examination by Plaintiff's counsel and also answered questions posed by the undersigned Magistrate Judge and his own counsel. (Doc. No. 36, PageID 278-335.) Defendant primarily testified about the following issues: (1) the return of Plaintiff's confidential operations manual; (2) the transfer of the former Liberty franchise's phone number to Plaintiff; (3) the removal of signage containing Liberty's marks; (4) outstanding discovery issues;[1] and (5) the tax returns prepared by Defendants after the cancellation of the parties' franchise agreement on November 13, 2023. (*Id.*)

Plaintiff argues that the Court should impose sanctions against Defendants due to their failure to comply with the TRO, preliminary injunction, and the September 18 Order. (Doc. No. 40, PageID 414.) Specifically, Plaintiff alleges Defendants (1) failed to return all confidential information of Plaintiff's that is in their possession or control, including Plaintiff's confidential operations manual; (2) failed to transfer the telephone number of the former Liberty franchise to Plaintiff; (3) failed to immediately remove any signage containing Liberty's Marks; and (4) continued to offer tax preparation services and solicit Plaintiff's customers within the 25 mile

---

[1] These discovery issues are addressed in a separate Order issued by the undersigned Magistrate Judge and will not be further discussed in this Report and Recommendation.

3

boundary of their former liberty franchise. (*See* Doc. No. 40.) Defendants argue that although there was some delay, they have complied with the Court's Orders to the best of their ability. (Doc. No. 42, PageID 492)

## II.  LAW AND ANALYSIS

The Court has inherent authority to assure compliance with its orders through civil contempt. *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party if the party fails to comply with the court's discovery order). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). The primary purpose of a civil contempt order is to "compel obedience to a court order and compensate for injuries caused by non-compliance." *TWM Manuf. Co. v. Dura Corp.,* 722 F.2d 1261 (6th Cir.1983).

Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the

4

court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether defendants "'took all reasonable steps within [their] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)). Though "courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions" pursuant to its inherent authority. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417 (6th Cir. 1992)).

### A. Compliance with the TRO, Preliminary Injunction, and September 18 Order

Since the September 18 Order and September 24 contempt hearing, the operations manual, phone number transfer, and signage matters have all been resolved. The Court is sensitive to the fact these matters should have been handled immediately, but at the time this Motion was filed, Defendants were *pro se*. Defendants have since obtained counsel and, while these matters should have been handled sooner, Plaintiff is now in possession of the manual, the phone number has been transferred, and the signs have been removed. It is questionable what coercive or remedial purpose imposing civil sanctions would serve. Sanctions for failure to immediately return the operations manual to Plaintiff, failure to promptly transfer the phone number, and failure to promptly remove all Liberty marks and signage should not be imposed.

### B. 2024 Tax Preparations in violation of the TRO and Preliminary Injunction

During the contempt hearing, Defendant Samb admitted that he continued to offer tax preparation services from his home[2] after the issuance of the TRO. (Doc. No. 36, PageID 291, 333-34.) The TRO and preliminary injunction temporarily enjoined Defendants from offering tax

---

[2] The Court takes judicial notice that Defendant Samb's home, located at 504 Sorna Drive Englewood, Ohio 45322, is located approximately 18 miles from Defendants' former Liberty franchise location. (Doc. No. 40-10, PageID 487.)

5

preparation services and soliciting Plaintiff's customers within twenty-five (25) miles of Defendants former Liberty franchise territory. According to Defendant Samb, he completed 119 tax returns between January 2024 and June 2024, at least some of which were filed after the TRO was issued on April 9. (Doc. No. 36, PageID 291.) This is a clear violation of the Court's Orders.

Defendants failed to present any evidence that shows why they were unable to comply with the Court's Orders. Instead, Defendants argue that the Court must first determine whether the 25-mile boundary was reasonable and enforceable before it can be determined whether they violated the Court's Orders. This is incorrect. Whether or not Defendants challenge the validity of the 25-mile boundary, the Court's Orders plainly required compliance with that condition. Significantly, Defendants concede that Defendant Samb completed all 119 tax returns within the 25-mile boundary. (Doc. No. 42, PageID 495.)

Plaintiff has presented clear and convincing evidence that Defendants failed to comply with the TRO and preliminary injunction that enjoined them from offering tax services within the 25-mile boundary. This was not a one-time violation—instead, Defendants violated this Court's Orders numerous times over a period of months. Therefore, the undersigned **RECOMMENDS** that District Judge Michael J. Newman find Defendants in contempt and impose sanctions.

### C. Sanctions

When selecting contempt sanctions, a court must use the "least possible power adequate to the end proposed." *Spallone v. U.S.*, 493 U.S. 265, 276 (1990). Attorneys' fees and costs may be awarded for civil contempt. *See McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000) (recognizing that an award of attorneys' fees is appropriate for civil contempt in situations where court orders have been violated). Because Plaintiff was prejudiced and incurred additional costs in the form of bringing this motion as a result of Defendants' non-compliance,

6

an award of attorneys' fees and expenses is appropriate. The undersigned **RECOMMENDS** that the District Judge **ORDER** an award of attorneys' fees. As to the amount of that award, Plaintiff has not specified the amount of attorneys' fees it seeks. To that end, the undersigned **RECOMMENDS** the District Judge **ADVISE** Plaintiff to file an affidavit as to the attorneys' fees and costs incurred in filing the Motion for Civil Contempt and Contempt Sanctions.

Plaintiff also requests the disgorgement of Defendants' profits relating to preparing or electronically filing income tax returns or offering financial products, from November 13, 2023 to present, or alternatively, from the effective date of the TRO through present. (Doc. No. 40, PageID 425.) In addition, Plaintiff requests that Defendants be ordered to provide an immediate accounting of all transactions relating to preparing or electronically filing income tax returns or offering financial products that they preformed from the same time period. (*Id.*)

The Court has the power to order disgorgement as a remedy for contempt. *See, e.g.*, *Am. Consol. Industries, Inc. v. Blasingim*, No. 1:19-CV-137, 2022 WL 17687491, *25 (N.D. Ohio Dec. 15, 2022); *Tom James Co. v. Morgan*, 141 F. App'x 894, 899 (11th Cir. 2005). Disgorgement is a remedy that serves the equitable end of forcing a defendant to give up the amount by which it was unjustly enriched. *Am. Consol. Industries, Inc.*, 2022 WL 17687491, *25. In other words, "[a]n equitable disgorgement award seeks to deprive the wrongdoer of his ill-gotten profits." *Osborn v. Griffin*, 865 F.3d 417, 452 (6th Cir. 2017). "Disgorgement may also be used to coerce future compliance with a court's order." *Cernelle v. Graminex, L.L.C.*, 2022 WL 2759867, *11 (6th Cir. July 14, 2022) (citing *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005)).

7

Given Defendants' blatant and continued violations of the Court's Orders—which not only allowed them to recover ill-gotten profits but also harmed Plaintiff's interests—the undersigned Magistrate Judge concludes that disgorgement is an appropriate remedy here. The undersigned **RECOMMENDS** that the District Judge **ORDER** the disgorgement of Defendants' profits relating to preparing or electronically filing income tax returns or offering financial products, from the effective date of the TRO through the present time. Additionally, the undersigned **RECOMMENDS** that the District Judge **ORDER** Defendants to provide an immediate accounting of all transactions relating to preparing or electronically filing income tax returns or offering financial products during that same time period.

Finally, the Court turns to Plaintiff's request that the Court enter default judgment against Defendants for failure to comply with the Court's Orders. Default judgment is a harsh sanction that "should be resorted to only in the most extreme cases." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (internal citations omitted); *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir.2008) ("A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment."). The present record does not sufficiently support a conclusion that Defendants' failure to comply with the Court Orders rises to this extreme level. The undersigned therefore does not recommend imposing a sanction of default judgment.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion (Doc. No. 18) and **ORDER** that Defendants be held in contempt for failing to comply with this Court's Orders. In addition, the undersigned **RECOMMENDS** that the District Judge **ORDER** sanctions in the

form of attorneys' fees and disgorgement of Defendants' profits. Finally, the undersigned **RECOMMENDS** that the District Judge **ADVISE** Plaintiff to file an affidavit as to the attorneys' fees and costs incurred in filing this Motion and **ORDER** Defendants to provide an immediate accounting of all transactions relating to preparing or electronically filing income tax returns or offering financial products that they performed from the effective date of the TRO through present.

The parties may file objections to this Report and Recommendation as described at the end of this document.

**IT IS SO RECOMMENDED.**

s/ <i>Caroline H. Gentry</i><br>
Caroline H. Gentry<br>
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)