UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JTH TAX, LLC
*doing business as*
LIBERTY TAX SERVICE,

    Plaintiff,

vs.

ABDOU SAMB, *et al.*,

    Defendants.

Case No. 3:24-cv-102

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

___

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (Doc. No. 46); (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND CONTEMPT SANCTIONS (Doc. No. 18); (3) FINDING DEFENDANTS IN CONTEMPT FOR FAILING TO COMPLY WITH THIS COURT'S ORDERS; (4) SANCTIONING DEFENDANTS AND REQUIRING DEFENDANTS TO PAY PLAINTIFF'S ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $31,022.03; (5) SANCTIONING DEFENDANTS, REQUIRING DISGORGEMENT OF DEFENDANTS' PROFITS, AND REQUIRING DEFENDANTS TO PROVIDE, BY FEBRUARY 27, 2026, AN IMMEDIATE ACCOUNTING OF ALL TRANSACTIONS RELATING TO PREPARING OR ELECTRONICALLY FILING INCOME TAX RETURNS, OR OFFERING FINANCIAL PRODUCTS, THAT THEY PERFORMED FROM APRIL 9, 2024 THROUGH PRESENT; (6) ADVISING PLAINTIFF THAT, IF IT HAS INCURRED ADDITIONAL ATTORNEYS' FEES AND COSTS AFTER OCTOBER 30, 2025 IN FILING ITS MOTION, IT HAS UNTIL FEBRUARY 27, 2026 TO FILE AN AFFIDAVIT AS TO THE UPDATED ATTORNEYS' FEES AND COSTS; AND (7) CLARIFYING THAT CHALLENGES TO THESE UPDATED FEE/COST REQUESTS ARE DUE BY MARCH 11, 2026**

___

    The Court has reviewed the Report and Recommendation of Magistrate Judge Caroline H. Gentry (Doc. No. 46), to whom this case was referred pursuant to 28 U.S.C. § 636(b).  The parties have not filed objections to the Report and Recommendation and the time for doing so under Fed. R. Civ. P. 72(b) has expired.  Upon careful review of the foregoing, the Court determines that the Report and Recommendation should be adopted.  Accordingly, the Court: (1) **ADOPTS** the Report

and Recommendation of the Magistrate Judge (Doc. No. 46) in its entirety; (2) **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for civil contempt and contempt sanctions (Doc. No. 18); (3) **ORDERS** that Defendants be held in contempt for failing to comply with this Court's Orders; (4) **ORDERS** sanctions in the form of attorneys' fees and disgorgement of Defendants' profits; and (5) **ORDERS** Defendants to provide, **by February 27, 2026**, an immediate accounting of all transactions relating to preparing or electronically filing income tax returns, or offering financial products, that they performed from April 9, 2024, the effective date of the Court's temporary restraining order (Doc. No. 10) through the date of this Order. If Plaintiff seeks to challenge Defendants' accounting, it must do so by **March 11, 2026**.

Plaintiff advised the Court that in filing its motion for civil contempt and contempt sanctions, it incurred $28,290.04 in attorneys' fees and $2,731.99 in costs through October 30, 2025. *See* Doc. No. 47-1 at PageID 533-34; Doc. No. 47-3. Accordingly, the Court **AWARDS** Plaintiff $31,022.03 in attorneys' fees and costs. Plaintiff is **ADVISED** that, if it has incurred additional attorneys' fees and costs after October 30, 2025 in filing its motion for civil contempt and contempt sanctions, or in complying with this Order, it has until **February 27, 2026** to file an affidavit documenting its updated attorneys' fees and costs. In the event Plaintiff submits an affidavit documenting additional attorney fees and costs that Plaintiff incurred after October 30, 2025, Defendants' challenge, if any, to the amount of Plaintiff's additional fees and costs is due **by March 11, 2026**.

    **IT IS SO ORDERED.**

February 6, 2026                      s/*Michael J. Newman*
                                                      Hon. Michael J. Newman
                                                      United States District Judge